IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LAQUENZA M. LILLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 3:11-cv-0061 |
| | )  Judge Campbell/Brown |
| | ) |
| TENNESSEE DEPARTMENT OF | ) |
| CORRECTION, et al., | ) |
| | ) |
| Defendants. | ) |

To: The Honorable Todd J. Campbell, Chief District Judge

## REPORT AND RECOMMENDATION

Currently pending before the Magistrate Judge is Defendants' Motion to Dismiss. (Docket Entry 29). Defendants have filed a Memorandum in support of their Motion. (Docket Entry 30.) Plaintiff filed a Response to the Motion to Dismiss, entitled "Motion to Uphold Suit Fact". (Docket Entry 31). For the reasons set forth below, the Magistrate Judge **RECOMMENDS** that the Defendants' motion to dismiss be **GRANTED in part** and **DENIED in part**.

### I. INTRODUCTION

The Plaintiff, an inmate in the Tennessee state prison system, brings this *pro se* action alleging Defendants violated his civil rights under 42 U.S.C. § 1983. This action was referred to the Magistrate Judge on January 21, 2011, for report and recommendation on any dispositive motions. (Docket Entry 9).

1

## II. BACKGROUND

The Plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") currently housed at the Morgan County Correctional Complex ("MCCC") in Wartburg, Tennessee. The Plaintiff filed this complaint alleging Defendants violated his civil rights under 42 U.S.C. § 1983 when being held at Turney Center Industrial Complex ("TCIC") in Only, Tennessee, on November 1, 2010.

The Plaintiff alleges that on November 1, 2010, at 10:30 am, he complained to Unit Officer Jeremy Rubert to call the clinic because of back pain. (Docket Entry 1). A nurse and Officer Cathy McCarson came to his cell at 11:15 am, but told the Plaintiff that they were out of his medicine. *Id*. The Plaintiff proceeded to yell at the nurse and Officer McCarson. *Id*.

Plaintiff alleges that he was let out of his cell at 11:45 am to go to a Disciplinary Board Hearing, when he fell down to the floor in pain. (Docket Entry 1). After staying on the floor, the Plaintiff alleges that Officer Jeremy Rubert, Officer Cathy McCarson, Officer David Jenkins, and Officer Jamie Walter grabbed him by his arms and legs and carried him back to the cell. *Id*. The Plaintiff alleges that the four officers that handled him made his back injuries worse, resulting in a lack of standing for a long period of time. *Id*. Additionally, his injuries resulted in a pain that shoots down his leg that has caused the Plaintiff to suffer from depression. *Id*.

On November 3, 2010, the Plaintiff filed a grievance to TDOC regarding the incident on November 1, 2010. (Docket Entry 6). The Supervisor's Response to the Plaintiff's grievance (the first level of review) was filed on November 4, 2010. *Id*. This Response stated that the Plaintiff was cursing and kicking his cell door. (Docket Entry 6). Further, the Response describes that the Plaintiff got out of his cell and laid on the floor refusing to move. *Id*. The Response stated that

the officers proceeded to take the Plaintiff back to his cell, then call medical to tend to the Plaintiff for the second time. *Id*. Afterwards, the Plaintiff was seen walking around his cell and was later moved to A-POD, in which he carried his property himself. (Docket Entry 6). The Plaintiff appealed the Supervisor Response on November 10, 2010. *Id*.

On November 16, 2010, the Inmate Grievance Committee held a hearing regarding the Plaintiff's appeal. The Plaintiff was absent due to being housed in HSA in accordance with TDOC Policy 501.01. (Docket Entry 6). After reviewing the Plaintiff's grievance, the Supervisor's Response, and the Plaintiffs testimony, the Committee upheld the Supervisor's Response. (Docket Entry 6). In addition to the Committee hearing, the Warden agreed with the Proposed Response. (The Committee Hearing combined with the Warden Response is the second level of review). On December 1, 2010, the Plaintiff appealed the Warden's Response (the last opportunity to appeal). *Id*. On December 17, 2010, the third level of review took place, and the Assistant Commissioner of Operations signed his concurrence with the Supervisor's Response. *Id*.

On December 20, 2010, the Plaintiff filed his complaint for violation of civil rights under Title 42 U.S.C. Section 1983. (Docket Entry 1). The Plaintiff at first sued the Tennessee Department of Correction and the defendants only in their official capacities (Docket Entry 1), but on December 21, 2010, filed an amendment to his complaint that included suing the Defendants in their individual capacities as well. (Docket Entry 2). In his complaint, filed on December 20, 2010, the Plaintiff did not include the records of appeal for the second or third levels of review. (Docket Entry 1). The Plaintiff supplemented these documents on January, 10, 2011. (Docket Entry 6). In his original complaint, he admits that as of December 16, 2010, he

3

had been notified of the results of the his first appeal (second level of review), but not the result of his second appeal (third level of review). (Docket Entry 1). The third level of review was completed on December 17, 2010, a day after Plaintiff filed his complaint. (Docket Entry 6).[1]

On April 6, 2011, Defendants filed a Motion to Dismiss stating that the case should be dismissed without prejudice for failure to exhaust administrative remedies. (Docket Entry 29). Additionally, the Defendants state that they have Eleventh Amendment immunity from suit and are not persons subject to suit under 42 U.S.C. § 1983. *Id*. The Plaintiff's Response argues very similar points as his complaint. (Docket Entry 31).

III. LEGAL DISCUSSION

**A. Standard of Review for Motion to Dismiss**

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, a district court must view the complaint in the light most favorable to the plaintiff and take all well-pleaded factual allegations as true, as the moving party has the burden of proving that no claim exists. *Erickson v. Pardus*, 550 U.S. 89 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, although a complaint is to be liberally construed, the District Court need not accept a

---

[1] Despite the Plaintiff's Complaint being mailed on December 17, 2010, the same day as the Assistant Commissioner struck down the Plaintiff's third level of review, the Magistrate Judge believes that the Plaintiff did not know of the result of the third level of review at the time he mailed his complaint.

4

"bare assertion or legal conclusions." *Id*. *See also Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). When viewing the complaint under the above standards, to survive a motion to dismiss, a complaint must contain (1) "enough facts to state a claim to relief that is plausible," (2) more than "a formulaic recitation of a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level." *Twombly*, 550 U.S. at 555-56. In other words, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

### B. Section 1983 Claims

**1. Prison Litigation Reform Act**

Section 1983 creates a federal cause of action when state or local officials deprive a person of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. A prisoner asserting a claim under section 1983 must comply with the Prison Litigation Reform Act of 1996 ("PLRA"). *See* 42 U.S.C. § 1997e (a).

The Defendants first argue that the Plaintiff's claim should be dismissed for failure to exhaust administrative remedies required under the PLRA. The PLRA of 1996 requires a prisoner to exhaust all available administrative remedies before filing federal lawsuits challenging prison conditions, even if the prisoner is seeking monetary damages. See 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 740-41, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard*, 193 F.3d 876, 877 (6th Cir. 1999); *Wright v. Morris*, 111 F.3d 414, 417 (6th Cir. 1997). When a prisoner fails to exhaust his administrative remedies before filing a civil rights complaint in federal court, or only partially exhausts administrative remedies,

dismissal of the complaint is appropriate. See 42 U.S.C. § 1997e(a); *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997).

Under the Tennessee Department Of Corrections' ("TDOC") Inmate Grievance Procedure, a prisoner who files a grievance with the grievance chairperson and receives an unfavorable decision may appeal the decision two additional levels. TDOC Policy No. 501.01 Sections VI(C)(1)-(3). If the time limit expires at any stage of the process without the required response, the grievant may move the grievance to the next stage. Section VI(C)(4).

Here, the Magistrate Judge believes that the Plaintiff did exhaust all grievances before filing his complaint. His first grievance was filed on November 3, 2010. He received a negative response and filed his first appeal on November 10, 2010. The Plaintiff's grievance was reviewed in committee but denied on November 16, 2010, followed by a review from the Warden on November 24, 2010. The Plaintiff filed his second and last appeal to the Assistant Commissioner (Chief Inspector) on December 1, 2010.

The Plaintiff did not file the documentation of the appeals in his original complaint, but did add them into evidence 30 days later on January 10, 2011. However, the Plaintiff did describe the steps taken up until that date in his complaint. The preferred practice is for inmates to complete the grievance process *prior* to the filing of an action *and* to attach to their complaint documentation of that fact. *Curry v. Scott*, 249 F.3d 493, 502 (6th Cir. 2001). However, this Court has gone so far as to refuse to dismiss an action on exhaustion grounds where the administrative grievance process was only completed during the pendency of the appeal, finding that it would unduly expend judicial resources to do so. *Id. See, Thaddeus-X v. Wozniak,* 215

F.3d 1327 (6th Cir. 2000) (choosing to review the merits of the appeal, even though the claims were not exhausted previously, because the action could simply be refiled upon remand).

Because the Plaintiff did appeal to the highest level of review prior to filing his federal claim, the Magistrate Judge believes that the Plaintiff did exhaust his administrative remedies.[2] The Plaintiff attached the appeal responses 30 days after the original complaint. The Magistrate believes that it would unduly expend judicial resources to hold that the Plaintiff failed to exhaust administrative remedies, because the action could be refiled upon remand. Therefore, the Magistrate believes that the Defendant's Motion to Dismiss due to failure to exhaust administrative remedies should be denied.

**2. Eleventh Amendment Immunity**

The Defendants argue that they are immune from Plaintiff's suit under the Eleventh Amendment. The Sixth Circuit has held that a suit for monetary damages against an individual in his or her official capacity is deemed an action against the state and is barred by Eleventh Amendment immunity. *Johnson v. Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004). *See Cady v. Arenac County,* 574 F.3d 334, 344 (6th Cir. 2009) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver.").

In his original complaint, the Plaintiff brought claims seeking monetary damages against Defendants in their official capacities only. However, one day after filing the original complaint,

---

[2] If the Plaintiff had not appealed to the highest level of review prior to filing his complaint, the Magistrate Judge believes that the Plaintiff would not have exhausted all administrative grievances. If that were the case, the Magistrate Judge would recommend the Defendant's motion be granted.

7

the Plaintiff submitted a Request of Changes to include suing the Defendants in their individual capacities as well. Pursuant to Fed. R. Civ. P. Rule 15(a), a party may amend its pleading once as a matter of course within 21 days after serving it. The Plaintiff filed the change just one day after his original complaint, therefore it should be acknowledged as an amendment to the complaint.

The Magistrate Judge believes the Defendants' Eleventh Amendment Immunity claim should be granted against the Defendants' in their official capacities. While acting in their official capacities, the Defendants are acting as members of the state and are therefore immune from suit. However, the Defendants do not have Eleventh Amendment immunity regarding suit in their individual capacities because in their individual capacities they are not acting as members of the state. Therefore, the Magistrate Judge believes the Defendants' Motion to Dismiss based on Eleventh Amendment Immunity should be granted against the Defendants regarding their official capacities, but denied against the Defendants regarding their individual capacities.

## IV. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that the Defendants' motion to dismiss be **GRANTED in part** and **DENIED in part**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this report within which to file a response to said objections. Failure to file specific objections within

fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 7th day of July, 2011.

/S/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge