UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LAQUENZA M. LILLY, )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>TENNESSEE DEPARTMENT OF )<br>CORRECTIONS, et al., )<br>)<br>    Defendants ) | No. 3:11-0061<br>Judge Campbell/Brown |

## **SCHEDULING ORDER**

The Plaintiff has filed motion to add defendants (Docket Entry 39). As an initial matter, the Magistrate Judge would note that the Plaintiff has not included a certificate of service with this motion showing that he sent it to opposing counsel. This requirement was previously pointed out to the Plaintiff in the Court's order of May 2, 2011 (Docket Entry 33). The **Clerk** is directed to return to the Plaintiff any further documents that do not contain a proper certificate of service. A proper certificate of service would be as follows:

> I certify that a copy of the foregoing [write name of document] has been served by [you must write whether by mail, hand-delivery, certified mail, etc.] upon Pamela S. Lorch, Tennessee Attorney General's Office, P.O. Box 20207, Nashville, TN 37202-0207 on [write in the date you mailed].

_____
sign your name and
below your name print
your full address
and telephone number

The motion to add defendants in its present form is **DENIED**. From the motion it appears that the Plaintiff is presently incarcerated at Morgan County Correctional Complex.

The Plaintiff states that he has filed grievances about a lack of access to legal material. However, he states that he has not received response on his grievance. Plaintiff needs to exhaust his administrative remedies before seeking to amend his complaint. Turney Center or Morgan County Correctional Complex are not separate from the State of Tennessee Department of Corrections.

To the extent that Plaintiff says he needs to request his medical records, he may request those records from the Defendants through a discovery request.

Since a portion of his claims have survived a motion to dismiss, a scheduling order is necessary.

The Defendants should file their answer to the complaint within **14 days** of the entry of this order. At the present time no party has requested a jury trial. If no jury trial is requested, the Magistrate Judge will conduct a final evidentiary hearing and prepare a report and recommendation for a final decision by Judge Campbell. If a jury trial is requested, then there will be no final evidentiary hearing before the undersigned.

The following scheduling order is entered.

**I. GENERAL COURT RULES AND PROCEDURES**

Any filing made with the Court must comply with Rule 5 of the Federal Rules of Civil Procedure, which requires that a copy of

any filing made with the Court be sent to the opposing party or their counsel and that the filing contain a certification stating that a copy has been sent, to whom, at what address, and on what date.  Any filing which does not comply with this requirement will be returned and/or stricken from the record.

Each party is responsible for making and obtaining copies of any documents or filings they send to the Court.  It is not the Court's responsibility to provide free copies of any documents to the parties.  If a party desires to obtain a copy of a document in the official court file, the party should contact the Clerk's Office, with the docket entry number of the document, if possible, about obtaining copies.  The cost of copying is $.50 per page.

Each party is required to keep both the Court and the opposing party or their counsel informed of their current address. A plaintiff's failure to keep the Court informed of his/her current address may result in a recommendation that his/her action be dismissed for failure to prosecute and for failure to comply with the Court's order.

## II. PRETRIAL DEADLINES

### Amendment of Pleadings

The parties shall have until **October 3, 2011,** to move to amend the pleadings.

### Discovery

All discovery shall be completed by **December 5, 2011**.  By this, the Court means that all written discovery should be served

far enough before discovery completion date, *i.e.*, at least **30 days** prior to the discovery completion deadline, so that responses or objections to any written discovery can be made prior to the completion deadline. For example, serving written discovery upon an opposing party a few days prior to the discovery completion deadline does not comply with this scheduling order and may result in discovery being denied to the requesting party.

Any party seeking to serve written discovery upon another party which would result in responses being served after the discovery completion deadline must obtain leave of the Court to serve untimely discovery requests.

Written discovery should be sent to the opposing party and should not be filed with the Court, nor should a copy of the written discovery be sent to the Court unless it is sent as an attachment to a discovery motion. A Court order is not required for a party to engage in discovery and discovery in this action is not stayed upon the filing of any motion unless specifically ordered by the Court.

**Discovery Motions**

All discovery motions must be filed by **December 5, 2011**. All discovery motions must comply with the applicable requirements contained in Rule 37 of the Federal Rules of Civil Procedure, Rule 9 of the Local Rules of Court, or any other relevant Federal Rules of Civil Procedure.

No discovery dispute related motions shall be filed until a telephone conference has been conducted by the Magistrate Judge regarding the dispute.

### Dispositive Motions

All dispositive motions to dismiss and for summary judgment shall be filed by **January 5, 2012.** Responses shall be due **within 28 days** of the filing of the motion, unless an extension is granted by the Court. Replies, limited to **five pages**, shall be filed within **14 days** after service of the response. Briefs shall not exceed **25 pages**. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

### Other Motions

Any other motions (other than in limine or related to trial matters) must be filed by **January 5, 2012**.

### Trial

It is estimated that this case will take three days to try. In the event that the party demands a jury trial, the Magistrate Judge recommends that such trial take place on or after June 5, 2012. In the event that no jury is requested, the Magistrate Judge will set a date for the evidentiary hearing at a later date.

It is so ORDERED.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge